UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE EDWARD MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KASHIF ALI, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0332 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's motions for temporary restraining orders are before the court. As discussed below, the undersigned recommends that the motions be denied.

I. Background

Plaintiff is presently housed at a Conservation Fire Camp, TRCC#3, in Lewiston, California. At the time he filed this action, plaintiff was housed at the California Correctional Center ("CCI") in Susanville. (ECF No. 1 at 3.) On March 25, 2019, this action was dismissed pursuant to plaintiff's request for voluntary dismissal.

On May 23, 2019, plaintiff filed a motion to reinstate his complaint,[1] along with a motion for temporary restraining order. On May 30, 2019, plaintiff filed a second motion for temporary

---
[1] Plaintiff's motion to reinstate his complaint is addressed separately.

1

restraining order. In his motions, plaintiff asks the court to order defendants to advance plaintiff's release date from March 5, 2020, to January 12, 2020. (ECF No. 6 at 3.)

II. Plaintiff's Complaint

Plaintiff alleges, *inter alia*, that without plaintiff's knowledge or consent, defendants updated plaintiff's medical records to state he has seizures: (a) despite no current evidence that plaintiff suffers from a seizure disorder or has been prescribed medication for the same;[2] (b) despite the fact that seizure precautions were removed from plaintiff's records on July 12, 2018, and (c) despite plaintiff refusing medical treatment by signing a refusal of treatment form. Defendants' actions resulted in plaintiff being returned prematurely from, and delayed in his transfer to, a fire camp where he can earn more time credits and make a higher salary, and ultimately resulting in his prison release date being extended beyond January 12, 2020. (ECF No. 1 at 10, 17, 21.) In addition, medical records demonstrate plaintiff has been free from pharmacological intervention for 18 months, also making him eligible for fire camp. Thus, defendants are employing "underground regulations" in violation of prison regulations, because the "CCC Clinical Camp Guidelines" are merely a Microsoft word document devoid of any legal citation or signature, not adopted by the California Office of Administrative Law, and therefore unenforceable. (ECF No. 1 at 12.) If the court does not issue a temporary restraining order requiring defendants to remove the medical hold, immediately release plaintiff to fire camp, and correct his prison release date to January 12, 2020, his prison release date may be threatened.

In his first cause of action, plaintiff claims his Fourteenth Amendment due process rights have been violated by defendants imposing unwanted medical treatment on him without his consent, and depriving him of his right to refuse medical treatment, and violating his right to privacy in his medical records. In his second cause of action, plaintiff appears to allege that defendants retaliated against plaintiff in violation of the First Amendment by providing inaccurate responses to, and falsely denying, plaintiff's administrative appeals, imposing invalid guidelines,

---

[2] In 2010, plaintiff admitted to prison staff that he lied about having a seizure disorder in 2010 to receive a lower bunk, and was released from prison in December 30, 2014. (ECF No. 1 at 5.) Despite such admission in 2010, following his reincarceration, the seizure precautions were not lifted from his medical records until July 12, 2018.

2

and making retaliatory threats against plaintiff.  In addition to declaratory relief and monetary damages, plaintiff seeks injunctive relief requiring defendants Ali and Villa to stop imposing an underground regulation, the "CCC Clinical Camp Guidelines," remove the medical hold and clear plaintiff for "full duty special skills *nunc pro tunc* from . . . August 13, 2018, to only follow valid CCHCS/CDCR policies and procedures, honor plaintiff's right to refuse treatment, right to informed consent, privacy rights, and to not retaliate against plaintiff for filing this complaint, and send [plaintiff] back to Trinity River Conservation Camp #3."  (ECF No. 1 at 28.)

III.  Motions for Temporary Restraining Order

    A.  Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S.

464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.

B. Discussion

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule. Accordingly, the request for a temporary injunction is defective and should be denied.

Moreover, plaintiff cannot obtain a speedier release from prison through a civil rights action. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a

4

writ of habeas corpus.  Preiser, 411 U.S. at 500; Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 11 S. Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id. at 488.  Subsequently, the Supreme Court extended Heck to bar claims under § 1983 for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits.  Edwards v. Balisok, 520 U.S. 641, 646 (1997).

Here, plaintiff seeks a temporary restraining order requiring defendants to advance plaintiff's release from prison date from March to January of 2020.  Plaintiff may only obtain such relief through a petition for writ of habeas corpus under 28 U.S.C. § 2254.  In addition, plaintiff must first exhaust his state court remedies before bringing such an action in federal court.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).

Finally, plaintiff's requests for injunctive relief are premature because (a) this action was closed on March 29, 2019, and has not yet been reopened; (b) plaintiff's complaint has not been screened[3] because plaintiff voluntarily dismissed it prior to such screening; (c) the court cannot find that plaintiff has shown a likelihood of success on the merits because there is no finding that plaintiff stated a cognizable civil rights claim against a particular defendant; and (d) no defendant has been ordered served or appeared in this action, depriving this court of personal jurisdiction over any defendant.  In addition, plaintiff's return address on his motions reflect that he has now

---

[3] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

been transferred to a fire camp, rendering his injunctive relief claims against defendants at CCI moot as they are no longer involved in addressing his medical needs. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

For all of the above reasons, plaintiff's motions for temporary restraining orders should be denied.

IV. Orders and Findings and Recommendations

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. The Clerk of the Court shall change plaintiff's address of record to TRCC#3, P.O. Box 609, Lewiston, CA 96052; and

IT IS RECOMMENDED that plaintiff's motions for temporary restraining orders (ECF Nos. 1, 6, 7) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moor0332.tro